IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KARLENE DYTKO and GERRY DYTKO,

    Plaintiffs,

v.                                                         No. 16-cv-1240 SMV/GJF

FOREST RIVER, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's Motion and Memorandum for Summary Judgment, filed September 25, 2017. [Doc. 26]. Plaintiffs responded on October 16, 2017. [Doc. 29]. Defendant did not file a reply, and the time for doing so has passed. Having considered the record, briefing, and relevant law, and being otherwise fully advised in the premises, the Court finds that Defendant's motion is well-taken and will be GRANTED.

## Background

Plaintiffs purchased a new 2012 Forest River Georgetown Motorhome on or around April 22, 2013, from McMahon's RV, a recreational vehicle dealership in Mesa, Arizona. [Doc. 26] at 4. Defendant Forest River was the end-stage manufacturer of the motorhome. *Id.* It manufactured some, but not all, of the component parts and integrated them into a final product. *Id.* Defendant does not sell recreational vehicles directly to the public. *Id.* The motorhome came with a written one-year limited warranty. *Id.* The warranty provides, in pertinent part, the following:

> "([W]arrantor) warrants to the ORIGINAL CONSUMER PURCHASER ONLY, when purchased from an authorized Forest River, Inc. dealer, for a period of (1) one year from date of purchase (Warranty Period), that the body structure of this recreational vehicle shall be free of substantial defects in materials and workmanship attributable to Warrantor. . . .
>
> WARRANTOR EXPRESSLY LIMITS THE DURATION OF ALL EXPRESS AND IMPLIED WARRANTIES OF MERCHANTABILITY AND ALL IMPLIED WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE EXCEPT IN THOSE STATES THAT DO NOT ALLOW THIS EXCLUSION. WARRANTOR EXPRESSLY DISCLAIMS ALL IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AFTER EXPIRATION OF THE WARRANTY PERIOD. No action to enforce express or implied warranties shall be commenced later than (90) ninety days after expiration of the warranty period. . . .
>
> No action to enforce express or implied warranties shall be commenced without prior written notice to the manufacture[r] and/or warrantor at the address listed above of the alleged defect or nonconformity or the authorized repair facility's failed repair attempt and MANUFACTURE[R], AT ITS DIRECT OPTION, shall have a final opportunity to remedy. . . .
>
> Warrantor will remedy substantial defects in materials and workmanship caused by Warrantor. Warrantor shall elect to remedy the defect from among the following: repair, replacement or refund. . . .

[Doc. 27] at 6 (emphases in original).

Plaintiffs allege that upon delivery the motorhome was defective. [Doc. 29] at 2. Among other things, they allege defective conditions relating to the generator, electrical wiring, windows, walls, and trim. *Id.* Upon noticing the defects, Plaintiffs sought to have the motorhome repaired. Plaintiffs state that they attempted to contact the dealership from which they had purchased the motorhome, but it had gone out of business. *Id.* On February 20, 2014, before the expiration of the limited warranty, Plaintiffs took the motorhome to Camping World, a

2

recreational vehicle dealership in Anthony, Texas, to be repaired. [Doc. 26] at 4–5. Plaintiffs allege that Camping World is an "authorized Forest River repair facility." [Doc. 29] at 2.

Plaintiffs allege that, before dropping off the motorhome for repair, they had been in communication with Defendant's warranty manager. *Id.* On February 12, 2014, they emailed a list of 65 items in need of repair to the warranty manager. *Id.* Plaintiffs allege that during the time their motorhome was at Camping World, they were in regular communication with employees of both Camping World and Defendant. *Id.* Plaintiffs allege that they were "continually told by Camping World that they were waiting on [Defendant] for either replacement parts for the Motorhome or for authorization to repair certain items." *Id.* Defendant disputes this assertion. Defendant contends that it only became aware on November 3, 2014, that Plaintiffs had taken the motorhome to Camping World for repairs. [Doc. 27] at 3.

The motorhome remained at the dealership for more than a year. *See* [Doc. 26] at 6. Plaintiffs picked it up on October 10, 2015. *Id.* The warranty had long since expired. Plaintiffs allege that, despite the prolonged repair time, not all the defects were repaired. [Doc. 29] at 2–3. In November 2015, Plaintiffs emailed Defendant's new warranty manager to report that the motorhome had not been fully repaired within the warranty period. *Id.* Plaintiffs also contacted Camping World to report that not all the defects had been fixed. *Id.* at 3. Plaintiffs allege that they were told by Camping World in July 2016 that no further repairs on the motorhome could be completed because Defendant had not reimbursed them for repairs they had already made. *Id.* Defendant maintains that Plaintiffs "never asked Forest River to repair any Forest River warrantable items that they claim [were] not properly repaired by a third-party service or repair facility." [Doc. 26] at 6. And Plaintiffs never "sent written notice of any warrantable items that

3

have not been properly repaired or replaced by a repair facility during the limited one year warranty period." *Id.* at 7. Defendant has never repaired the motorhome. *Id.* at 6. Plaintiffs currently have possession of the motorhome. *Id.*

Plaintiffs filed the instant lawsuit on November 11, 2016. [Doc. 1]. They allege violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301; breach of express and implied warranties; breach of contract;[1] and negligent repair. *Id.* at 5–9. Plaintiffs seek damages for diminution in value of the motorhome as a result of the defects that were present at the time of purchase; damages for loss of use of the motorhome; out-of-pocket damages for expenditures on repairs and towing; attorney's fees; costs; and interest. *Id.* at 10.

Defendant has moved for summary judgment on all of Plaintiffs' claims. [Doc. 26]. First, Defendant asserts that Plaintiffs' warranty claims are untimely. Defendant contends that, under Arizona law, parties may contract to shorten the applicable statute of limitations. *Id.* at 7–8 (citing Ariz. Rev. Stat. § 47-2725). Defendant argues that the limited warranty agreement reduced the limitation period to 90 days from the expiration of the warranty. *Id.* at 8. Plaintiffs filed the lawsuit more than two years after the expiration of the limitation period provided in the warranty agreement. Defendant further contends that Plaintiffs' claim for breach of implied warranty must fail because there was no privity of contract between the parties. *Id.* at 9–10. As to Plaintiffs' claims for violation of the express terms of the warranty, Defendant argues that Plaintiffs were required to notify Defendant in writing of any alleged defects within the warranty period and afford Defendant the opportunity to repair them. *Id.* at 10–11. By failing to do so,

---

[1] Though the complaint refers to "breach of contract" as a separate count, the only contract at issue is the written warranty. *See* [Doc. 1] at 7. Therefore, the Court construes Plaintiffs' breach-of-contract claim as being incorporated into their breach-of-express-warranty claim. *See* [Doc. 29] at 4 (referring to the warranty as the "controlling contract").

4

Defendant contends, Plaintiffs' warranty claims fail. Finally, Defendant argues that the economic loss doctrine prohibits Plaintiffs from prevailing on their negligent repair claim. *Id.* at 12.

As to the timeliness of the lawsuit, Plaintiffs contend that § 47-2725 is inapplicable because it pertains only to "contracts for sale" and requires that the language reducing the statute of limitations be present in "the original agreement" between the parties. *Id.* at 5. Plaintiffs claim that the warranty satisfies neither of these requirements. In the alternative, Plaintiffs argue that the warranty amounts to a contract of adhesion and the limitation clause is therefore void. *Id.* at 6. Plaintiffs also refute Defendant's argument as to the privity requirement for breach of implied warranty claims, appearing to rest on the language of the Magnuson-Moss Warranty Act. *Id.* at 7–8. Finally, as to their claims for breach of express warranty, Plaintiffs contend that they notified Defendant within the warranty period of the claimed defects, submitting as evidence several pages of emails between Plaintiffs, employees of Defendant, and employees at Camping World. *Id.*; [Doc. 29-2].

## Summary Judgment Standard

Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must support its request by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A).

The movant bears the initial burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). If this burden is met, the non-movant must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Id.* at 324. A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on the issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although all facts are construed in favor of the non-movant, the non-movant still has a responsibility to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (alteration in original) (internal quotation marks omitted).

### The Magnuson-Moss Warranty Act

The Magnuson-Moss Warranty Act ("MMWA" or "Act") "creates a federal private cause of action for a warrantor's failure to comply with the terms of a written warranty." *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 917 (9th Cir. 2005). The Act provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief . . . ." 15 U.S.C. § 2310(d). It is a "remedial statute designed to protect the purchasers of consumer goods from deceptive warranty practices." *Miller v. Willow Creek Homes, Inc.*, 249 F.3d 629, 630 (7th Cir. 2001).

The Act "does nothing to alter or modify state law requirements." *McCracken v. Thor Motor Coach Inc.*, 2015 WL 13566934, at *2 (D. Ariz. May 6, 2015) (unreported). When assessing MMWA claims, courts look to state substantive law. *Id.* Claims brought pursuant to the Act will therefore "stand or fall" with express and implied warranty claims brought under state law. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1021 (9th Cir. 2008). The failure to state a breach of warranty claim under state law will require dismissal of the state law claim as well as the "parasitic" MMWA claim. *McCracken*, 2015 WL 13566934, at *3 (internal quotation marks omitted). The parties agree that Arizona law governs, so the Court will apply Arizona law in assessing Plaintiffs' claims.

## Analysis

**Plaintiffs' claims for breach of warranty are barred as a matter of law because they were not timely brought.**

Defendant argues that Plaintiffs' claims based on breach of express and implied warranties are time-barred pursuant to § 47-2725 of the Arizona Uniform Commercial Code ("UCC"). That statute provides:

> A. An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. *By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.*
>
> B. A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered. (emphasis added).

The following facts are undisputed:

1. The written warranty requires that any claim for breach of warranty be filed no later than one year and 90 days (455 days) from the date of purchase. [Doc. 26] at 4 ¶ 5, 5 ¶ 9.
2. The date of purchase was on or about April 22, 2013. *Id.* at 4 ¶ 1.
3. Plaintiffs did not file their complaint until November 11, 2016, or 1,299 days from the date of purchase. [Doc. 1].

Thus, there are two issues: Does § 47-2725 govern the parties' written warranty agreement? And, if so, is that portion of the warranty agreement reducing the limitations period from four years to one year and 90 days valid and enforceable? If the answers to both questions are yes, then Plaintiffs' warranty claims are time-barred.

Plaintiffs argue that § 47-2725 does not apply, for two reasons. First, they contend that the statute applies only to contracts for sale, and not to warranties. [Doc. 29] at 4–5. Second, they contend that the warranty was not the "original agreement" between the parties. They argue that the term "original agreement" refers solely to the sales contract and not the warranty, which is a separate document. *Id.*

Neither party cites any Arizona opinion addressing whether § 47-2725 applies to breach of warranty claims against a manufacturer. Defendant does, however, cite case law applying other states' identically worded statutes to such actions. [Doc. 26] at 8–9 (citing *Pidcock v. Ewing*, 371 F. Supp. 2d 870, 877 (E.D. Mich. 2005) (applying Michigan's identical UCC provision setting out statute of limitations for sales contracts to claim by consumer against RV manufacturer for breach of warranty under the MMWA); *Kavanagh v. Keiper Recaro Seating, Inc.*, 2002 WL 32332371, at *2 (D. Del. Sept. 30, 2002) (unreported) (applying

8

Delaware's identical UCC provision to breach of warranty claims by bus driver against manufacturer of bus seat)).

Moreover, at least one federal court, applying Arizona law, has held that the statute of limitations in § 47-2725 applies to breach of warranty claims brought pursuant to the MMWA. *See Hillery v. Georgie Boy Mfg., Inc.*, 341 F. Supp. 2d 1112 (D. Ariz. 2004). In *Hillery*, the court held that the UCC's four-year statute of limitations for breach of warranty claims governed the action brought by the purchaser of a mobile home against the manufacturer for breach of express warranty under the MMWA. The MMWA does not itself supply a statute of limitations. *Id.* at 1114. Thus, courts "must look to the most analogous state statute to determine what statute of limitations to apply." *Id.* The court found that § 47-2725 is the Arizona statute "most analogous to a Magnuson-Moss breach of warranty claim." *Id.*

Plaintiffs argue that the warranty agreement was not a "contract for sale" and that their claims are based on breach of *warranty*, not breach of the sales contract. [Doc. 29] at 4–5. But § 47-2725 explicitly refers to claims for breach of warranty. § 47-2725(B) ("A breach of warranty occurs when tender of delivery is made . . . ."). To interpret § 47-2725 to apply only to contracts for sale, and not contracts for warranty, would render that language superfluous. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 105 P.3d 1163, 1171 (Ariz. 2005) ("Whenever possible, we do not interpret statutes in such a manner as to render a clause superfluous."). And, as described above, courts have applied § 47-2725 and other states' identically worded provisions to breach of warranty claims against manufacturers. Plaintiffs do not mention the holding of *Hillery* and otherwise fail to grapple with this case law. They cite no case law in support of their position. And they fail to identify any alternative Arizona statute,

9

setting out a different statute of limitations, that they believe *should* apply to their claims. The Court thus finds, as an initial matter, that § 47-2725 is the operative provision governing the statute of limitations on Plaintiffs' claims for breach of warranty.[2]

Parties may generally shorten the applicable statute of limitations by express contractual provision, subject to certain limitations. *See, e.g.*, *Nangle v. Farmers Ins. Co. of Ariz.*, 73 P.3d 1252, 1255 (Ariz. Ct. App. 2003) (allowing contractual reduction in limitation period). As Defendant notes, § 47-2725 allows parties to shorten the four-year statute of limitations. "By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it." § 47-2725(A). The limited warranty provided by Defendant reduced the limitation period to 90 days after expiration of the one-year warranty. Plaintiffs argue that § 47-2725 is inoperative because the warranty agreement was not the "original agreement." The "original agreement," they contend, was the purchase agreement—the sales contract. Relatedly, Plaintiffs contend that they had no opportunity to bargain for the terms of the warranty and were not even aware of the limitation clause at the time of purchase. [Doc. 26] at 6. The warranty was "take it or leave it," and the parties had disparate bargaining power. *Id.* Plaintiffs suggest

---

[2] Plaintiffs also suggest that Defendant's reliance on § 47-2725, which necessarily requires contractual privity between parties, is inconsistent with their argument that Plaintiffs' implied warranty claims must fail as a substantive matter for lack of privity. [Doc. 29] at 4. First, although the Court need not reach this question to resolve the instant motion, Defendant is correct that Plaintiffs may not assert claims for breach of implied warranty against Defendant because there is no privity of contract. In Arizona, privity of contract is required to recover economic losses for breach of implied and express warranties under the UCC, and there is no privity between a consumer and a manufacturer. *Flory v. Silvercrest Indus., Inc.*, 633 P.2d 383, 388–90 (Ariz. 1981). The MMWA does not create new claims for breach of implied warranties, and Arizona's privity requirements apply to claims based on the alleged breach of an implied warranty. *Chaurasia v. Gen. Motors Corp.*, 126 P.3d 165, 171 (Ariz. Ct. App. 2006); *see also De Shazer v. Nat'l RV Holdings, Inc.*, 391 F. Supp. 2d 791, 795 (D. Ariz. 2005) (rejecting plaintiff's argument that he could bring an MMWA claim for breach of implied warranty pursuant to Arizona common law without showing privity of contract with the defendants). Second, the court in *Hillery* disposed of a similar argument that its holding was inconsistent with Arizona law on the UCC and the privity requirement. The court noted that "[t]he inquiry here is not whether plaintiff can assert a breach of warranty claim under the [UCC]. The inquiry is what state cause of action is most analogous to a Magnuson-Moss breach of warranty claim." 341 F. Supp. 2d at 1115.

the warranty amounts to a contract of adhesion and the limitation clause is unenforceable. *Id.* Defendant maintains that § 47-2725 sanctions the limitation period set out in the warranty.

Neither party cites pertinent Arizona law on this point. Defendant, for its part, cites one case from the Eastern District of Michigan in which the court rejected similar arguments to those raised by Plaintiffs here. In *Pidcock v. Ewing*, 371 F. Supp. 2d 870, the purchasers of a motorhome sued, among others, the manufacturer of the motorhome. The manufacturer's warranty shortened the statute of limitations from four years, as provided by Michigan's analogous UCC statute, to one year after expiration of the warranty. *Id.* at 874–75. The plaintiffs argued that the sales contract, not the warranty agreement, was the "original agreement" referenced in the statute, and the sales contract did not contain a limitation period. *Id.* at 875. They argued that they did not see the limitation language in the warranty until after delivery of the motorhome. *Id.* at 875–76. The court rejected their arguments. The sales contract "has nothing to do with" the warranty, the court found—they were issued from separate entities. *Id.* at 876. The manufacturer "was not a party to the financing agreement and therefore any arguments as to the 'single document rule' simply do not apply." *Id.* The limitation period, the court found, complied with Michigan's UCC provision.

Other courts considering the same provision have reached the same conclusion. *See Dixon v. Monaco Coach Corp.*, 2009 WL 187837, at *2–3 (N.D. Ind. Jan. 27, 2009) (unreported) (enforcing limitation period in warranty pursuant to Indiana's UCC provision despite plaintiffs' claim that they did not receive the terms of the warranty until several months after they purchased the RV at issue and thus had no opportunity to bargain for the warranty's terms); *Merricks v. Monaco Coach Corp.*, 2008 WL 5210856, at *4–5 (W.D. Va. Dec. 15, 2008)

(unreported) (finding that reduced limitations period in warranty was valid and that "[i]n purchasing the RV and then receiving the benefits of the written warranties, the Plaintiffs have effectively agreed to the reduced limitations period"); *see also Kavanagh*, 2002 WL 32332371, at \*2 (enforcing limitation period in warranty pursuant to Delaware UCC provision, in personal injury action brought by bus driver against bus seat manufacturer).

Plaintiffs fail to cite a single case in support of their position. The Court has identified one case, interpreting Virginia's analogous UCC statute, that arguably supports Plaintiffs' position. In *Hoffman v. Daimler Trucks North America, LLC*, 940 F. Supp. 2d 347 (W.D. Va. 2013), the court declined to enforce the reduced limitation period set out in a manufacturer's warranty. The plaintiff had alleged that he had received no warranty information prior to purchasing the RV. Analyzing the text of the UCC provision, the court found that the plaintiff "could not accept the limitation period by passive acceptance of the RV without objection to the pertinent warranty provision." *Id.* at 358. *Id.* Departing from the reasoning of an earlier case in that district, the court held that the statute "indicates that the parties must specifically agree to the period of limitation, not just the warranty in general." *Id.* The UCC provision "contemplates a more formal mutual agreement than [defendant manufacturer] advances as sufficient." *Id.* Because there was "no indication that [plaintiff] was ever aware of the limitation period, let alone any indication of agreement" by the parties, the court concluded that the parties had not specifically agreed to the period of limitation as required by the UCC statute. *Id.*

Here, Plaintiffs allege in their response to the motion for summary judgment that they were unaware of the warranty's limitation clause at the time of purchase, though they do not support this allegation via affidavit or other evidence. *See* [Doc. 29] at 6. Even assuming that

12

Plaintiffs were unaware of the limitation provision, they do not allege that they were unaware of the written warranty at the time they purchased the motorhome. Moreover, they sought to take advantage of the benefits of the written warranty by having their motorhome repaired (though, of course, they allege the repair efforts were not entirely successful). *See Merricks*, 2008 WL 5210856, at *5 (noting that plaintiffs had "taken advantage of the beneficial portions of the warranty, receiving free repairs and service under it"—even though the plaintiffs alleged that the numerous repair attempts were unsuccessful—and thus had to "accept the less advantageous portions of the warranty, such as a reduced statute of limitations").

Plaintiffs lament the disparity in the parties' bargaining power and their inability to negotiate the terms of the warranty, but again, they cite no authority in support of their position. Moreover, even if the Court were to find that the warranty is a contract of adhesion (which it declines to do), that would not be the end of the inquiry. Plaintiffs would still have the burden of showing that the objectionable terms of the agreement did not meet their reasonable expectations, or that the agreement was unconscionable. *See, e.g.*, *Broemmer v. Abortion Servs. of Phoenix, LTD*, 840 P.2d 1013, 1016 (Ariz. 1992). Plaintiffs make no effort to meet that burden. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) ("If the [party seeking summary judgment] carries [its] initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant. To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." (internal quotation marks and citations omitted)).

Plaintiffs' argument for unenforceability rests solely upon argument of counsel, which does not provide a proper basis for denying summary judgment. *See Fritzsche v. Albuquerque Mun. Sch. Dist.*, 194 F. Supp. 2d 1194, 1206 (D.N.M. 2002). The Court adopts the position of the majority of courts to have considered the issue and finds that the reduced limitation period is valid and enforceable. Defendant is entitled to summary judgment on Plaintiffs' implied and express warranty claims, which are time-barred.[3]

### Defendant is entitled to summary judgment on Plaintiffs' claim for negligent repair.

Plaintiffs also assert a claim for negligent repair. [Doc. 1] at 8–9. They contend that on numerous occasions, they delivered their motorhome to Defendant "and/or its agents authorized to perform repairs" pursuant to the warranty. *Id.* at 8. They allege that Defendant breached its duty of care to perform repairs "in a good and workmanlike manner within a reasonable time." *Id.* Defendant argues that Plaintiffs' claim fails for two reasons. First, they argue, Defendant itself did not perform any repairs to the motorhome. [Doc. 26] at 12. Second, they argue that Arizona law precludes Plaintiffs from recovering for negligent repair. *Id.* The economic loss doctrine precludes tort recovery for economic losses and limits a contracting party to contractual remedies for the recovery of economic losses, absent personal injury or damage to other

---

[3] Plaintiffs do not argue, and thus the Court does not consider, that the statute of limitations was tolled under a theory of equitable estoppel for the time during which their motorhome was being repaired, i.e., on the theory that Defendant was responsible for the delays in the repairs that caused the warranty period and statute of limitations to run. Nor do Plaintiffs argue that the warranty extended to "future performance," such that the cause of action accrued not at delivery but rather at the time that the breach was or should have been discovered. *See* § 47-2725. In their complaint, Plaintiffs do refer to estoppel. They write: "Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendant is unreasonable and unconscionable and void under the principles of estoppel, because Defendant knew the defects existed and might not be discovered, if at all, until the Motorhome had been driven for a period longer than the period of the written warranty, and Defendant willfully withheld information about the defects from Plaintiffs." [Doc. 1] at 7. But Plaintiffs make no such argument in their response to the motion for summary judgment. Moreover, as noted *supra*, Plaintiffs could not succeed on their implied warranty claims. *See Flory*, 633 P.2d at 388–90; *Chaurasia*, 126 P.3d at 171.

property. *Id.* (citing *Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.*, 223 P.3d 664, 666 (Ariz. 2010)). The doctrine bars the recovery of "pecuniary or commercial damage, including any decreased value or repair costs for a product or property that is itself the subject of a contract between the plaintiff and defendant, and consequential damages such as lost profits." *Id.* (quoting *Flagstaff Affordable Hous.*, 223 P.3d at 667).

Plaintiffs do not respond to Defendant's arguments or otherwise mention their negligent repair claim in their response to the motion for summary judgment. Because Plaintiffs have not challenged Defendant's assertion that it cannot be held liable for negligent repair when it did not complete any repairs on the motorhome, Defendant is entitled to summary judgment on this claim.[4]

## **Conclusion**

Defendant is entitled to summary judgment on all of Plaintiffs' claims. Plaintiffs' claims for breach of warranty were not brought within the reduced statute of limitations set out in the limited warranty, and thus they are time-barred. And Plaintiffs fail to challenge Defendant's motion for summary judgment with respect to their negligent repair claim.[5]

---

[4] Although it does not alter the outcome, the Court questions Defendant's reliance on *Flagstaff Affordable Housing* and the economic loss doctrine as a defense against Plaintiffs' negligent repair claim. The Supreme Court of Arizona recently clarified the holding of *Flagstaff Affordable Housing* and the limits of the economic loss doctrine. In *Sullivan v. Pulte Home Corp.*, 306 P.3d 1 (Ariz. 2013), the court reiterated the principle that the economic loss doctrine does not apply to "non-contracting parties." *Id.* at 3. The court declined to apply the economic loss doctrine to preclude plaintiffs' negligence claims just because plaintiffs "had a possible contractual remedy under an implied warranty claim." *Id.* In Arizona, a purchaser does not have privity of contract with a manufacturer by virtue of a written warranty. *See Flory*, 633 P.2d at 388–90. It is not clear, then, that the economic loss doctrine would apply to preclude a purchaser from asserting a claim for negligence against a manufacturer with whom the consumer was not in privity of contract. Nevertheless, Plaintiffs fail to make any argument in support of their negligent repair claim, particularly in response to Defendant's argument that it cannot be liable for negligent repair when it did not itself make any repairs to the motorhome. Defendant is entitled to summary judgment.

[5] The Court need not consider the parties' arguments regarding the remedy of revocation of acceptance and whether Plaintiffs are entitled to consequential and incidental damages, because Plaintiffs cannot proceed on any of their claims. *See* [Doc. 26] at 11–12, 13; [Doc. 29] at 7–8. Nor need the Court consider the merits of Plaintiffs' breach of express warranty claims, because the Court found such claims are time-barred.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion and Memorandum for Summary Judgment [Doc. 26] is **GRANTED**. Defendant is entitled to summary judgment in its favor.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge
Presiding by Consent**